**ORIGINAL**

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

2012 NOV 16  PM 12: 05

BY

FILED

1  JOAN B. TUCKER FIFE (SBN: 144572)
   jfife@winston.com
2  WINSTON & STRAWN LLP
   101 California Street, Suite 3900
3  San Francisco, CA 94111
   (415) 591-1000
4  (415) 591-1400

5  EMILIE C. WOODHEAD (SBN: 240464)
   ewoodhead@winston.com
6  WINSTON & STRAWN LLP
   333 S. Grand Avenue
7  Los Angeles, CA 90071-1543
   Telephone:  (213) 615-1700
8  Facsimile:  (213) 615-1750

9  Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION
10

11

12                    **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

14

15  JAMES WICKSNIN, JR.,                    Case No. SACV12 - 02007 RNB

16            Plaintiff,                    **(Orange County Superior Court Case
                                            No. 30-2012-00591837-CU-WT-CJC)**
16            v.

17                                          **DEFENDANT'S NOTICE OF
18  U.S. BANK NATIONAL                      REMOVAL OF CIVIL ACTION TO
    ASSOCIATION, a Delaware                 FEDERAL COURT**
    Corporation, and DOES 1-10, inclusive,
19
            Defendants.
20
                                           # By Fax
21

22

23

24

25

26

27

28

*Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543*

PAID
R
N/S

---

1

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, Defendant U.S.

3  Bank National Association ("Defendant" or "U.S. Bank") hereby removes the above-

4  captioned matter from the Superior Court of the State of California in and for the

5  County of Orange, to this Court. In support of its request, Defendant states as follows:

6  **I.     INTRODUCTION**

7        1.    This case is hereby removed from state court to federal court

8  pursuant to 28 U.S.C. § 1332 because at the time the Complaint was filed, and at this

9  time: 1) complete diversity of citizenship exists between the parties; and 2) the claims

10  of Plaintiff James Wicksnin, Jr., exceed $75,000.00 exclusive of interest and costs.

11  Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

12  **II.    THE STATE COURT ACTION IN THIS CASE**

13        2.    On August 17, 2012 an action was commenced in the Superior

14  Court of the State of California in and for the County of Orange entitled *Wicksnin v.*

15  *U.S. Bank National Association, et al.*, Case No. 30-2012-00591837-CU-WT-CJC. A

16  true and correct copy of the Complaint is attached hereto as Exhibit "A." The

17  Complaint alleges: (1) Breach of Contract; (2) Retaliation [CAL. LABOR CODE

18  § 1102.5]; (3) Failure to Pay Earned Wages [CAL. LABOR CODE §§ 204, 206, 210,

19  218.5, and 218.6]; (4) Failure to Pay Overtime Wages [CAL. LABOR CODE §§ 204,

20  510, and 1194]; (5) Waiting Time Penalties [CAL. LABOR CODE §§ 201-203]; (6)

21  Failure to Allow Meal Breaks [CAL. LABOR CODE §§ 226.7 and 512]; (7) Intentional

22  Failure to Provide Accurate Itemized Wage Statements [CAL. LABOR CODE § 226]; (8)

23  Wrongful Termination in Violation of Public Policy; (9) Unfair Business Practices

24  [CAL. BUS. & PROF. CODE § 17200]; (10) Defamation; and (11) Violation of Labor

25  Code Sections 1050 *et seq.*

26        3.    Defendant filed a general denial to the Complaint in the Superior

27  Court of the State of California in and for the County of Orange on November 15,

28  2012. A true and correct copy of the General Denial is attached hereto at Exhibit "B."

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## III. JOINDER

4. Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

## IV. BASIS FOR FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332

### A. The Parties

5. Defendant is informed and believes that Plaintiff was at the time of the filing of this action, and still is, a citizen of California. (*See* Complaint ¶ 1.)

6. Defendant was at the time of the filing of this action, and still is, a citizen of a state other than California. Defendant was and is a national banking association with its main office in Cincinnati, Ohio. Accordingly, Defendant was and is a citizen of Ohio. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located"); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set forth in its articles of association, is located").

7. It appears from the caption that only U.S. Bank is a defendant in this matter. The caption lists only U.S. Bank and Does 1-10[1], inclusive as defendants. It is unclear whether Plaintiff intended to include an additional individual defendant because Plaintiff's Complaint internally refers to one Michael Allen as a "defendant." (Complaint ¶ 3.) Regardless of Plaintiff's intent, codefendants not served need not join in the removal for the removal to be proper, *Destino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011), and Defendant is not aware that Plaintiff has served Mr. Allen. More importantly, Defendant is informed and believes that Mr. Allen is a citizen of Texas. (Declaration of Linda Allen ("Allen Decl.") ¶ 4.)

8. Complete diversity of citizenship thus exists in accordance with 28 U.S.C. § 1332(a)(1) because Plaintiff has been a California citizen at all relevant

---

[1] Plaintiff filed a pleading in California state court. There are no "Doe Defendants" in federal district court.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1 times, Defendant has been a citizen of a state other than California at all relevant

2 times, and no other defendant has yet been served.

3     **B.**     **Amount in Controversy**

4         9.     By Defendant's assessment, based on the allegations in the

5 Complaint, the amount in controversy exceeds the $75,000.00 jurisdictional

6 minimum, excluding interest and costs. Plaintiff seeks to recover money damages for:

7 past loss of earnings, wages, overtime, and other employee benefits; mental and

8 emotional distress; penalties under the California Labor Code; and attorneys' fees.

9 Plaintiff also seeks civil penalties and punitive damages. (*See* Complaint ¶¶ 19, 29-

10 31, 34-35, 40-41, 48, 52, 61-62, 72, 87-89, 95-96; and Prayer ¶¶ 1-9). Assuming for

11 the purposes of removal only that Plaintiff's allegations are true and that he can

12 legally recover, Plaintiff's award for back pay, unpaid overtime, penalties pursuant to

13 Cal. Labor Code § 226, waiting time penalties pursuant to Cal. Labor Code § 203,

14 emotional distress damages, and punitive damages will be approximately

15 **$520,608.75**. This amount *excludes* Plaintiff's possible front pay and reasonable

16 attorneys' fees, both of which are properly considered when determining the amount

17 in controversy.[2] This amount also *excludes* damages that Plaintiff may be seeking for

18 breach of contract, defamation, and Cal. Labor § 1050, as Defendant cannot presently

19 ascertain the amount Plaintiff may be seeking.

20         10.     Plaintiff does not specifically allege an amount in damages in the

21 Complaint or allege that the amount in controversy is less than $75,000.00. Where a

22 complaint does not state a total amount in controversy, Defendant need only show by

23 a preponderance of the evidence that the amount in controversy requirement has been

---

24

25 [2] Front pay is properly considered when determining the amount in controversy. Plaintiffs are awarded front pay "in lieu of reinstatement" to provide damages for lost

26 earnings. *Melendez v. HMS Host Family Rests., Inc.*, No. CV 11-3842 ODW (CWx), 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011). Attorneys' fees are also properly

27 considered when determining the amount in controversy for the purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an

28 underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy").

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  met. *Caus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *McNutt v. Gen.*

2  *Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

3      11.   The calculations below detail the amount in controversy, and take

4  into account only back pay, unpaid overtime, civil penalties, emotional distress, and

5  punitive damages.  All calculations assume the following: (1) liability is established;

6  (2) back pay is calculated based on the time between the adverse employment action

7  and the date of judgment[3]; (3) emotional distress damages are calculated as one year

8  of the employee's former rate of pay[4]; and (4) punitive damages are calculated as five

9  times the back pay award[5].

10     12.   Plaintiff's employment was terminated on August 19, 2011.[6]

11  (Allen Decl. ¶ 2.)  At termination, Plaintiff's hourly rate of pay was $18.50 per hour.[7]

12  (Allen Decl. ¶ 3.)  Accordingly, if liability were found, Plaintiff's claim for back pay

13  from the date of his termination to an estimated date of judgment one year from the

14  date the Complaint was filed is approximately $76,960.00 ($18.50 per hour x 40 hours

15  per week x 104 weeks).

16     13.   Plaintiff also claims unpaid overtime.  Plaintiff earned $17.00 per

17  hour from his hire date of December 7, 2009, to May 31, 2010, a period of 25 weeks.

---

18
19  [3] *See Lloyd v. Conseco Finance Corp.*, No. CV 00–10452 MMM (RNBx), 2001 WL 36097624, at *7 (C.D. Cal. Oct. 19, 2001) ("Generally, a plaintiff is entitled to an award of back pay from the date of the discriminatory or retaliatory termination through the date of judgment.").
20

21  [4] While it is difficult to estimate emotional distress damages at the outset of the case, it is reasonable and in fact conservative to estimate that Plaintiff could be awarded the equivalent of one-year's earnings in emotional distress. *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (taking note that emotional distress damages are "potentially substantial" although plaintiff's pleadings were vague).
22
23

24  [5] In California, punitive damages can reach up to ten times the back pay award. *See Equal Emp't Opportunity Comm'n v. Farmer Bros. Ins.*, 31 F.3d 891, 904 (9th Cir. 1994) (affirming district court's punitive damages award amounting to ten times the back pay award).  To be conservative, a five-times multiplier will be applied here.
25
26

27  [6] Plaintiff's Complaint erroneously alleges that Plaintiff was terminated on August 19, 2010.

28  [7] Plaintiff's Complaint erroneously alleges that Plaintiff's rate of pay at termination was $19.50 per hour.

5

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    (Allen Decl. ¶ 2.)  From June 1, 2010, to his termination on August 19, 2011, a period
2    of 63 weeks, Plaintiff earned $18.50 per hour.  (Allen Decl. ¶ 3.)  Plaintiff alleges he
3    was required to report to work 30 minutes before opening and to stay behind one hour
4    after closing.  (Complaint ¶ 10.)  Assuming one hour per day of overtime at one-and-
5    a-half times his hourly rate, if liability were established Plaintiff could recover
6    $11,928.75 in unpaid overtime ($17.00 x 1.5 x 5 hours per week x 25 weeks + $18.50
7    x 1.5 x 5 hours per week x 63 weeks).

8            14.    Additionally, Plaintiff claims damages of $4,000.00 for
9    Defendant's alleged violation of California Labor Code § 226(a), and waiting time
10    penalties pursuant to California Labor Code §§ 201-203.  Where an employer
11    willfully fails to pay wages due within 72 hours of termination, the employee's wages
12    "continue as a penalty from the due date thereof at the same rate until paid or until an
13    action therefor is commenced; but the wages shall not continue for more than 30
14    days." CAL. LABOR CODE § 203.  Assuming liability is established, Plaintiff could
15    recover the statutory maximum of 30 days of penalties, or $4,440.00 ($18.50 x 8
16    hours per day x 30 days).  Together, these claims add an additional $8,440.00 to
17    Plaintiff's recovery if liability is established.

18            15.    Finally, Plaintiff also claims emotional distress and punitive
19    damages.  Assuming, conservatively, that Plaintiff's claim for emotional distress
20    damages amounts to only one year of earnings, that claim may be valued at
21    $38,480.00 if liability were established ($18.50 x 40 hours per week x 52 weeks per
22    year).  Assessing punitive damages similarly conservatively and applying a multiplier
23    of five to the underlying back pay damages described above, punitive damages
24    amount to $384,800.00 ($76,960.00 x 5).

25            16.    Accordingly, assuming for the purposes of removal only that
26    Plaintiff's allegations are true and that he can legally recover (which Defendant
27    denies), Plaintiff's award for back pay, unpaid overtime, damages pursuant to Cal.
28    Labor Code § 226(a), waiting time penalties pursuant to Cal. Labor Code § 203,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1 | emotional distress damages, and punitive damages will be approximately
2 | **$520,608.75**.  This amount significantly exceeds the $75,000.00 amount in
3 | controversy requirement—even without considering attorneys' fees and front pay, and
4 | any additional damages Plaintiff may claim for breach of contract, defamation, and
5 | Cal. Labor § 1050.

6 | 17. Thus, the amount in controversy exceeds the jurisdictional
7 | minimum of $75,000.00 set forth in 28 U.S.C. § 1332(a), exclusive of costs and
8 | interest.

9 | **V. COMPLIANCE WITH STATUTORY REQUIREMENTS**

10 | 18. This action is a civil action over which this Court has original
11 | jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of
12 | different states and the amount in controversy exceeds the sum of $75,000.00,
13 | exclusive of interest and costs, and is one which may be removed to this Court by
14 | Defendant pursuant to the provisions of 28 U.S.C. § 1441(a).

15 | 19. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches as Exhibit
16 | "A" a true and correct copy of the Complaint. This the only process, pleading, or
17 | order in the State Court's file that has been served on Defendant up to the date of
18 | filing this Notice of Removal.

19 | 20. In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed
20 | with this Court. Pursuant to 28 U.S.C. § 1446(b), "the notice of removal of a civil
21 | action shall be filed within thirty days after the receipt by the defendant, through
22 | service or otherwise of a copy of the initial pleading setting forth the claim for relief
23 | upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Service of
24 | process of Plaintiffs' Complaint on Defendant was complete on October 18, 2012.
25 | (*See* Exhibit A, Summons and Complaint personally served on October 18, 2012.)
26 | Accordingly, this Notice is timely.

27 | 21. As required by 28 U.S.C. § 1446(d), Defendant will provide
28 | written notice of the filing of this Notice of Removal to Plaintiff's counsel of record,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  and will promptly file a copy of this Notice of Removal with the Clerk for the

2  Superior Court of the State of California in and for the County of Orange.

3       WHEREFORE, Defendant requests that these proceedings, entitled *Wicksnin v.*

4  *U.S. Bank National Association et al.*, Case Number 30-2012-00591837-CU-WT-CJC

5  currently pending in the Superior Court of California in and for the County of Orange,

6  be removed to this Court.

7

8  Dated:  November 16, 2012        WINSTON & STRAWN LLP

9

10                  By:  *Emilie C. Woodhead*

11                      Joan B. Tucker Fife

12                      Emilie C. Woodhead
                              Attorneys for Defendant

13                      U.S. BANK NATIONAL ASSOCIATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

*10-18-12    110 pm*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U.S. BANK National Association, a Delaware Corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

James Wicksnin, Jr.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/17/2012** at 10:03:24 AM
Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* 30-2012-00591837-CU-WT-CJC |
|---|---|
| 700 Civic Center Drive West, Santa Ana, CA 92701 | Judge Derek W. Hunt |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Olsen, Esq., 1010 Second Ave., Suite 1835, San Diego, CA 92101; (619) 550-9352

| DATE: 08/17/2012 *(Fecha)* | ALAN CARLSON, Clerk of the Court | Clerk, by *(Secretario)* Fidel Ibarra | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* U.S. Bank    aka U.S. Bancorp
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher Olsen (SBN 236928)<br>Olsen Law Offices<br>1010 Second Ave, Ste. 1835<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 550-9352   FAX NO.:<br>ATTORNEY FOR *(Name):* James Wicksnin, Jr. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>08/17/2012 at 10:03:24 AM<br>Clerk of the Superior Court<br>By Fidel Ibarra, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2012-00591837-CU-WT-CJC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:  Judge Derek W. Hunt<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [✓] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 8, 2012
Christopher Olsen, Esq.
_____
(TYPE OR PRINT NAME)                                      ► _____
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A_010

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (not asbestos or
  toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (not civil
  harassment) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (not unlawful detainer
      or wrongful eviction)
  Contract/Warranty Breach–Seller
    Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (not provisionally
  complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent
    domain, landlord/tenant, or
    foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (arising from provisionally complex
  case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    (not unpaid taxes)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
  above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-
    harassment)
  Mechanics Lien
  Other Commercial Complaint
    Case (non-tort/non-complex)
  Other Civil Complaint
    (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (not specified
  above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

Page 2 of 2

Exhibit A_011

CHRISTOPHER A. OLSEN, SBN 236928
OLSEN LAW OFFICES
1010 Second Ave., Suite 1835
San Diego, CA 92101
Telephone: (619) 550-9352
Facsimile: (619) 923-2747
Email: caolsen@caolsenlawoffices.com

Attorneys for PLAINTIFF
JAMES WICKSNIN, JR.

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/17/2012 at 10:03:24 AM

Clerk of the Superior Court
By Fidel Ibarra, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JAMES WICKSNIN, JR., an individual, | Case No.: 30-2012-00591837-CU-WT-CJC |
| Plaintiff, | COMPLAINT FOR: |
| .v. | 1. **BREACH OF CONTRACT;** |
| U.S. BANK National Association, a Delaware Corporation; and DOES 1 through 10, inclusive, | 2. **RETALIATION IN VIOLATION OF LABOR CODE SECTIONS 1102.5, *ET SEQ.*;** |
| | 3. **FAILURE TO PAY EARNED WAGES IN VIOLATION OF LABOR CODE SECTIONS 204, 206, 210, 218.5, AND 218.6;** |
| Defendants. | 4. **FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF LABOR CODE SECTIONS 204, 510, AND 1194;** |
| | 5. **WAITING TIME PENALTIES PURSUANT TO LABOR CODE SECTIONS 201-203;** |
| | 6. **FAILURE TO ALLOW MEAL AND REST BREAKS IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512;** |
| | 7. **INTENTIONAL FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226;** |
| | 8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | 9. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, *ET SEQ.*;** |
| | 10. **DEFAMATION; AND** |
| | 11. **VIOLATION OF LABOR CODE SECTIONS 1050, *ET SEQ.***  |
| | **DEMAND FOR JURY**      Judge Derek W. Hunt C-24 |

- 1 -

Complaint

Plaintiff, JAMES WICKSNIN, JR., hereby brings his complaint against the above-named
Defendants and states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1.      At all times material herein, Plaintiff, JAMES WICKSNIN, JR. (hereinafter referred
to as "Plaintiff"), was and is a resident of the State of California, County of Orange.

2.      Plaintiff is informed and believes and thereon alleges that Defendant U.S. BANK
National Association (hereinafter individually referred to as "Defendant US BANK" and
collectively referred to as "Defendants") is a Delaware corporation, was at all times mentioned in
this complaint duly licensed to do business, was and is doing business, under and by virtue of the
laws of the State of California, in the County of Orange.

3.      Plaintiff is informed and believes and thereon alleges that Michael Allen
(hereinafter referred to as "Defendant Allen") is an employee of Defendant U.S. Bank and a
resident of the County of Orange in the State of California.

4.      The true names and capacities, whether individual, corporate, associate or otherwise
of DOES 1 through 10 are unknown to plaintiff who therefore sues these defendants under said
fictitious names.  Plaintiff is informed and believes that each of the defendants named as a Doe
defendant is legally responsible in some manner for the events referred to in this complaint, either
negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise,
for the injuries and damages described below to this Plaintiff.  Plaintiff will in the future seek leave
of this court to show the true names and capacities of these Doe defendants when it has been
ascertained.

5.      Plaintiff is informed and believes, and based thereon alleges, that each defendant
acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint
scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are
legally attributable to the other defendants.

6.      In or around December 2008, in the County of Orange, and during the term of
Plaintiff's employment, Plaintiff and Defendant U.S. Bank entered into an employment agreement

- 2 -

Complaint

Exhibit A_013

1 which included oral, written and implied-in-fact agreements. The basic terms of the agreement

2 provided that Plaintiff's employment would be secure for as long as his performance was

3 satisfactory, that Plaintiff would not be terminated without good cause, that his job security would

4 not be threatened, that he would not be required to perform unlawful activities, that he would earn

5 agreed-upon wages, and that he would be compensated fairly and legally for all hours worked. At

6 all times, Plaintiff performed his job in a satisfactory manner.

7   7. On information and belief, Plaintiff alleges that he was terminated without good

8 cause and despite his continued satisfactory job performance on or about August 19, 2010, in

9 violation of the employment contract.

10   8. Plaintiff commenced employment at U.S. Bank's Irvine branch in or around

11 December 2008 as a Teller Coordinator. Within approximately six (6) months of his employment,

12 he was promoted to the position of "Co-Branch Manager." Plaintiff performed his job with

13 diligence and professionalism. Plaintiff was terminated in or around August 2010.

14   9. During Plaintiff's employment, Defendant U.S. Bank did not honor its agreements

15 with Plaintiff. Plaintiff was not paid overtime, yet he was consistently required to work more than

16 eight (8) hours per day and/or more than forty (40) hours per week.

17   10. Plaintiff also did not have time to take lunches or breaks during the workday. On

18 average, Plaintiff took lunch about two (2) times per workweek; and even then, his lunch would be

19 interrupted by cellular phone calls seeking his assistance. Additionally, while Defendant U.S.

20 Bank required Plaintiff to report to work about thirty (30) minutes before the branch was officially

21 open and to stay behind about thirty (30) minutes after the branch was officially closed to address

22 opening/closing issues, Defendant U.S. Bank refused to compensate Plaintiff. Similarly, Plaintiff

23 was refused compensation for the times when he came into work on his off-days to address calls

24 for assistance from branch employees who could not reach Amselem, the branch supervisor.

25   11. On numerous occasions, Plaintiff complained to Amselem that he was refused

26 proper compensation for the work he had performed. In response, Amselem threatened to cut

27 Plaintiff's scheduled work hours. Amselem also instructed Plaintiff to indicate on his timecard that

28

- 3 -

Complaint

1   a meal period was taken (even when it was rarely, if ever taken, and even when taken, it was not

2   uninterrupted).

3       12.    On information and belief, Plaintiff was not the only employee of Defendant U.S.

4   Bank who complained about being subject to Amselem's intimidating, threatening conduct. About

5   two (2) weeks before Defendant U.S. Bank terminated Plaintiff, Plaintiff had advised a couple of

6   branch employees to contact Defendant U.S. Bank's purportedly anonymous ethics hotline to

7   report their complaints about Amselem. Not long after, Plaintiff, on information and belief, was

8   contacted by Human Resources ("HR") and asked whether Plaintiff knew anything negative about

9   the employee who had phoned in an ethics complaint against Amselem. In this call, Plaintiff

10   advised HR that he had witnessed Amselem assail branch employees with obscenities including

11   four-letter words.

12       13.    Then, on or about August 19, 2010, Plaintiff was terminated. At the time of his

13   separation, Plaintiff was earning approximately $19.50 per hour.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

#### (Against Defendant U.S. Bank and DOES 1 through 10)

14       14.    Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this

15   Complaint as if fully set forth at this place.

16       15.    In or around December 2008, Plaintiff and Defendant U.S. Bank entered into an

17   employment agreement that included oral, written, and implied in fact agreements. The basic

18   terms of the agreement provided that Plaintiff's employment would be secure for as long as his

19   performance was satisfactory, that he would not be terminated without good cause, that his job

20   security would not be threatened, that he would not be required to perform unlawful activities, that

21   he would earn agreed-upon wages, and that he would be compensated fairly and legally for hours

22   worked.

23       16.    Plaintiff has performed all and/or substantially all the conditions, covenants and

24   promises which he was required to perform in accordance with the terms and conditions of the

25   subject oral, written, implied-in-fact contract between Plaintiff and Defendant U.S. Bank.

- 4 -

Complaint

17.  All of the conditions required for Defendant U.S. Bank's performance had occurred.

18.  Defendant U.S. Bank breached the oral, written, implied-in-fact contract by failing to pay Plaintiff his wages when those monies were due and by refusing to allow Plaintiff to take his meal and rest breaks, all during Plaintiff's employment with Defendants.  Defendant U.S. Bank's performance was not excused nor waived.

19.  As a direct and proximate result of the breach of said agreements by Defendants, Plaintiff has suffered general damages for mental and emotional distress, along with special damages, in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1102.5, *ET SEQ.*

### (Against Defendant U.S. Bank and DOES 1 through 10)

20.  Plaintiff realleges and incorporates herein paragraphs 1 through 13 of this complaint as though fully set forth at this place.

21.  At all times mentioned herein California Labor Code sections 1102.5, *et seq.*, were in full force and effect and were binding on Defendants and each of them

22.  California Labor Code section 1102.5(a) states in full, "An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

23.  California Labor Code section 1102.5(b) states in full, "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

24.  California Labor Code section 1102.5(c) states in full, "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a

- 5 -

Complaint

Exhibit A_016

1    violation of state or federal statute, or a violation or noncompliance with a state or federal rule or

2    regulation.

3           25.     During the course of Plaintiff's employment, Plaintiff complained to Amselem that

4    Amselem was infringing upon the privacy rights of Defendant U.S. Bank's customers by willfully

5    conducting unauthorized credit checks.  In response, Amselem simply advised Plaintiff "not to

6    worry about it" and continued engaging in unethical conduct, in that Amselem would intentionally

7    misrepresent to bank customers that they had been pre-approved for a bank credit card or that the

8    bank was having a promotion on a new credit card, such that Amselem could perform unauthorized

9    credit checks on these customers.

10          26.     Plaintiff further complained that neither he nor other branch employees was

11   receiving proper compensation for all hours worked and for missed and/or interrupted meal/rest

12   periods.  In response, Defendants wrongfully terminated Plaintiff's employment.

13          27.     The above acts of Defendants constitute repeated retaliation in violation of

14   California Labor Code section 1102.5; such retaliation was a proximate cause of Plaintiff's

15   damages as stated below.

16          28.     As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

17   has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer

18   other actual, consequential and incidental financial losses, in an amount to be proven at trial in

19   excess of the jurisdictional minimum of this court.  Plaintiff claims such amounts as damages

20   together with prejudgment interest pursuant to California Civil Code § 3287 and/or § 3288 and/or

21   any other provision of law providing for prejudgment interest.

22          29.     As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

23   has become mentally upset, distressed, embarrassed, humiliated, and aggravated.  As a result of the

24   acts of retaliation, Plaintiff suffered harm to his reputation.  Plaintiff claims general damages for

25   such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum

26   of this court.

27          30.     Defendant U.S. Bank had in place policies and procedures that specifically forbid

28   Defendant U.S. Bank's managers, officers, and agents from retaliating, discharging, and

     discriminating against employees who refused to participate in an activity that would result in a

                                                - 6 -

Complaint

1  violation of a state or federal statute, or a violation or noncompliance with a state or federal rule or
2  regulation. Amselem was an owner, manager, officer, and/or agent of Defendant U.S. Bank and
3  was aware of Defendant U.S. Bank's policies and procedures prohibiting retaliating, discharging,
4  and discriminating against employees who refused to participate in an activity that would result in
5  a violation of a state or federal statute, or a violation or noncompliance with a state or federal rule
6  or regulation. Furthermore, Amselem maintained broad discretionary powers regarding staffing,
7  managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy
8  and practice in the defendant's facilities. However, Amselem chose to consciously and willfully
9  ignore said policies and procedures and therefore, his outrageous conduct was fraudulent,
10  malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights
11  and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,
12  authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff
13  should, therefore, be awarded exemplary and punitive damages against each Defendant in an
14  amount to be established that is appropriate to punish each Defendant and deter others from
      engaging in such conduct.
15      31.      As a proximate result of the wrongful acts of Defendants, and each of them,
16  Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is
17  expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled
18  to recover attorneys' fees and costs under the California Labor Code.
19                                  **THIRD CAUSE OF ACTION**
20                              **FAILURE TO PAY EARNED WAGES**
21      **IN VIOLATION OF CALIFORNIA LABOR CODE §§ 204, 206, 210, 218.5, AND 218.6**
22                         **(Against Defendant U.S. Bank and DOES 1 through 10)**
23
24      32.      Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this
25  Complaint as if fully set forth at this place.
26      33.      Defendant U.S. Bank employed Plaintiff between December 2008 and August 2010,
27  but Defendants failed and refused to pay Plaintiff all the wages that he earned working for
28                                          - 7 -

Complaint

1 | Defendant U.S. Bank during this period, as required by the California Employment Laws and

2 | Regulations.

3 |     34.    Plaintiff has been deprived of his rightfully earned wages as a direct and proximate

4 | result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover

5 | such amounts, plus interest thereon, attorneys' fees and costs, and penalties, pursuant to Labor

6 | Code §§ 204, 206, 210, 218.5, and 218.6.

7 |     35.    Wherefore, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CALIFORNIA**

**LABOR CODE §§ 510 AND 1194**

**(Against Defendant U.S. Bank and DOES 1 through 10)**

13 |     36.    Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this

14 | Complaint as if fully set forth at this place.

15 |     37.    California Labor Code § 510 states that an employee must be paid for his overtime,

16 | calculated as "[a]ny work in excess of eight hours in one workday and any work in excess of 40

17 | hours in any one workweek and the first eight hours worked on the seventh day of work in any one

18 | workweek shall be compensated at the rate of no less than one and one-half times the regular rate

19 | of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the

20 | rate of no less than twice the regular rate of pay for an employee..."

21 |     33.    California Labor Code § 1194(a) provides: "Notwithstanding any agreement to

22 | work for a lesser wage, any employee receiving less than the legal minimum wage or the legal

23 | overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid

24 | balance of the full amount of this minimum wage or overtime compensation, including interest

25 | thereon, reasonable attorney's fees, and costs of suit."

26 |     34.    Defendant U.S. Bank required Plaintiff to work more than forty hours per workweek

27 | and/or more than eight hours in one workday, but Defendant U.S. Bank failed and refused to pay

- 8 -

Complaint

1  Plaintiff the overtime compensation, in violation of the California Labor Code, Industrial Welfare

2  Commission ("IWC") wage orders and other applicable law.

3      35.    Plaintiff has been deprived of his rightfully earned overtime compensation as a

4  direct and proximate result of Defendant U.S. Bank's failure and refusal to pay said compensation.

5  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

6      36.    Wherefore, Plaintiff requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### PURSUANT TO CALIFORNIA LABOR CODE §§ 201-203

### (Against Defendant U.S. Bank and DOES 1 through 10)

11      37.    Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this

12  Complaint as if fully set forth at this place.

13      38.    California Labor Code §§ 201 and 202 require Defendant to pay its employees all

14  wages due within seventy-two (72) hours of termination of employment.  California Labor Code §

15  203 states, in pertinent part, "If an employer willfully fails to pay, without abatement or

16  reduction...any wages of an employee who is discharged or who quits, the wages of the employee

17  shall continue as a penalty from the due date thereof at the same rate until paid or until an action

18  therefore is commenced; but the wages shall not continue for more than 30 days . . . Suit may be

19  filed for these penalties at any time before the expiration of the statute of limitations on an action

20  for the wages from which the penalties arise."

21      39.    Defendant U.S. Bank failed to pay Plaintiff accrued wages and other compensation

22  due to him immediately upon his termination, as required.  Specifically, Plaintiff was owed

23  overtime pay throughout his employment; however, Plaintiff was not paid for such overtime upon

24  his termination.

25      40.    Based on Defendant U.S. Bank's conduct as alleged herein, Defendant U.S. Bank is

26  liable for civil penalties pursuant to California Labor Code § 203.

27      41.    Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

28      42.    Wherefore, Plaintiff requests relief as hereinafter provided.

- 9 -

Complaint

## SIXTH CAUSE OF ACTION

### FAILURE TO ALLOW MEAL AND REST BREAKS

### IN VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512

#### (Against Defendant U.S. Bank and DOES 1 through 10)

43. Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this Complaint as if fully set forth at this place.

44. California Labor Code § 226.7 states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission" and additionally, that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

45. California Labor Code § 512 (a) states in full, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

46. Plaintiff did not receive ten (10) minute rest periods for every four (4) hours or major fraction thereof of work, as mandated by the California Labor Code and the applicable IWC wage orders. Furthermore, Plaintiff did not receive compensation at the rate of one hour's pay for each day he was deprived of his rest period(s).

47. Plaintiff did not receive his meal on the days he worked a five (5) hour or more shift. Additionally, Plaintiff did not receive a second meal period for days he worked a ten (10)

- 10 -

Complaint

Exhibit A_021

1   hour or more shift. Furthermore, Plaintiff did not receive compensation at the rate of one hour's

2   pay for each day he missed a meal break.

3       48.     Plaintiff has been deprived of his right to meal periods and rest breaks as a direct

4   and proximate result of Defendants' failure and refusal to recognize said breaks, in violation of

5   California Labor Code §§ 226.7 and 512, and the applicable IWC wage orders. Therefore,

6   pursuant to California Labor Code § 226.7(b), Plaintiff is entitled to recover such amounts, plus

7   interest thereon, attorneys' fees and costs.

8       49.     Wherefore, Plaintiff requests relief as hereinafter provided.

9                            **SEVENTH CAUSE OF ACTION**

10   **INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE**

11   **STATEMENTS IN VIOLATION OF CALIFORNIA LABOR CODE § 226(a)**

12                    **(Against Defendant U.S. Bank and Does 1 Through 10)**

13       50.     Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this

14   Complaint as if fully set forth at this place.

15       51.     California Labor Code § 226(a) requires Defendants to itemize in wage statements

16   all deductions from payment of wages and to accurately report total hours worked by Plaintiff.

17   Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on each

18   and every wage statement provided to Plaintiff. To wit, Plaintiff alleges that the wage statements

19   failed to accurately set forth all hours actually caused or suffered to work.

20       52.     As a consequence of Defendants' knowing and intentional failure to comply with

21   Labor Code § 226(a), Plaintiff is entitled to actual damages not to exceed $4,000 pursuant to Labor

22   Code § 226(b), together with interest thereon and attorneys' fees and costs.

23       53.     Wherefore, Plaintiff requests relief as hereinafter provided.

24                            **EIGHTH CAUSE OF ACTION**

25   **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

26               **(Against Defendant U.S. Bank and DOES 1 through 10)**

27

28                                   - 11 -

Complaint

54.    Plaintiff incorporates by reference paragraphs 1 through 76, inclusive, of this Complaint as if fully set forth at this place.

55.    During Plaintiff's employment with Defendant U.S. Bank, Plaintiff opposed and objected to Defendants' instruction that he work overtime hours without receiving compensation, opposed and objected to Defendants' failure to compensate him for off-the-clock work performed, opposed and objected to Defendants' failure to provide him breaks, and opposed and objected to Defendants' failure to maintain the financial privacy of their bank customers.   Defendants' instructions and failure to remedy the problems Plaintiff complained of violate state and federal laws, including but not limited to, California Labor Code §§ 201-203, 204, 206, 210, 218.5, 218.6, 232.5, 510, 512, and 1194.

56.    As a result, and in retaliation against Plaintiff for his actions, each Defendant subjected Plaintiff to adverse employment actions as described above, including but not limited to terminating Plaintiff.

57.    Plaintiff's termination occurred in violation of fundamental public policies of the State of California, including but not limited to, the right to raise complaints he believed to be meritorious, as well as his right to refuse to obey policies and procedures of Defendants that are unlawful under California and federal law pursuant to California Labor Code § 1102.5(c), *inter alia*.

58.    The foregoing described adverse employment actions were taken in part or in whole because of Plaintiff's objections and opposition to and resistance against Defendants' actions, as well as Plaintiff's efforts to exercise his rights under the California Labor Code and applicable law.

59.    In engaging in the aforementioned conduct, each Defendant aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this state against such practices.

60.    In addition, California Labor Code § 98.6 prohibits any person from discharging or discriminating against an employee for, among other things, refusing to participate in an activity made illegal by California Labor Code §§ 1101, *et seq.*, which includes California Labor Code § 1102.5(c). These and other similar state laws constitute fundamental public policy of the State of

- 12 -

Complaint

1   California, and a person that retaliates against an employee for refusing to participate in the

2   employer's illegal practices violates such public policy.

3       61.    As a proximate result of the conduct of each Defendant, Plaintiff has suffered

4   general and special damages in a sum according to proof, but which amount exceeds the

5   jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

6       62.    As a result of the aforesaid acts of each Defendant, Plaintiff claims general damages

7   for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

8

9   

**NINTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND**

**PROFESSIONS CODE §§ 17200, *ET SEQ.***

**(Against Defendant U.S. Bank and DOES 1 through 10)**

13       63.    Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this

    Complaint as if fully set forth at this place.

14       64.    Plaintiff hereby brings a claim for Unfair Business Practices against Defendants

15   pursuant to California Business and Professions Code §§ 17200, *et seq.*  The conduct of these

16   Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful

17   to Plaintiff and the general public.  Plaintiff seeks to enforce important rights affecting the public

18   interest within the meaning of California Code of Civil Procedure § 1021.5.

19       65.    California Business and Professions Code §§ 17200, *et seq.*, prohibit unlawful and

20   unfair business practices.  Plaintiff is a "person" within the meaning of California Business and

21   Professions Code §17204, and therefore has standing to bring this cause of action for injunctive

22   relief, restitution, and other appropriate equitable remedies.

23       66.    California Labor Code § 90.5(a) articulates the public policies of this state to

24   enforce vigorously minimum labor standards, to ensure that employees are not required or

25   permitted to work under substandard and unlawful conditions, and to protect law-abiding

26   employers and their employees from competitors who lower their costs by failing to comply with

27   minimum labor standards.

28   - 13 -

Complaint

67.   Through the conduct alleged in this Complaint, each of these Defendants has acted contrary to these public policies, has violated specific provisions of the California Labor Code, and has engaged in other unlawful and unfair business practices in violation of California Business and Profession Code §§ 17200, et seq., depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees under the law.

68.   Each of these Defendants' conduct, as alleged hereinabove, constituted unfair competition in violation of §§ 17200, et seq.

69.   Defendants, by engaging in the conduct herein alleged, by failing to pay Plaintiff earned wages and overtime compensation, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.

70.   As a proximate result of the above mentioned acts of these Defendants, Plaintiff is entitled to restitution for all of Defendants' ill-gotten gains.

71.   Unless restrained by this Court, these Defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to the California Business and Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by these Defendants, their agents or employees, of any unlawful or deceptive business practice, disgorgement of profits which may be necessary to restore to Plaintiff and Defendants' clients the money these Defendants have unlawfully failed to pay them.

72.   Plaintiff further seeks attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

## TENTH CAUSE OF ACTION
### DEFAMATION
#### (Against Defendants and DOES 1 through 10)

73.   Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this Complaint as if fully set forth at this place.

74.   At or around the time of Plaintiff's separation from Defendant U.S. Bank, Defendant Allen, Defendant U.S. Bank's HR Generalist, instructed Plaintiff to list his name and

- 14 -

Complaint

mobile phone as a reference to give to prospective employers. Defendant Allen assured Plaintiff that nothing negative would be said about Plaintiff's former employment with Defendant U.S. Bank.

75. To date, Plaintiff has undergone multiple job interviews, after which Plaintiff has been told that the prospective employer is interested in hiring him after conducting a reference check with Plaintiff's former employer. Plaintiff has listed Defendant Allen's name and mobile number as a reference, pursuant to Defendant Allen's representations to do so. To date, Plaintiff has been unable to seek new employment.

76. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, by herein described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons. These false and defamatory statements included express and implied accusations that Plaintiff was an unsatisfactory employee.

77. Plaintiff is informed and believes and thereon alleges that during the above-described time-frame Defendants, and each of them, by herein described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, the community, and, directly or indirectly, potential employers of Plaintiff.

78. Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

79. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above referenced third person recipients and other members of the community who are known to Defendants, and each of them, but are unknown to Plaintiff at this time.

- 15 -

Complaint

80.     None of Defendants' defamatory publications against Plaintiff referenced above are true.

81.     The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseably republished by Defendants, and each of them, and foreseably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

82.     Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege, which Plaintiff denies existed, since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause him to quit, to justify an eventual termination, and to retaliate against Plaintiff for complaints he made about being subjected to unfair labor practices by Defendants and witnessing his immediate supervisor engaging in illegal credit checks of bank customers without prior authorization.

83.     Each of these publications by Defendants, and each of them, was made with knowledge that no investigation supported the unsubstantiated and obviously false statements, and without investigation into the current state of law or the policies of Defendant U.S. Bank. Defendants, and each of them, published these statements knowing them to be false, and unsustained by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent and reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements but they also had no belief in the truth of these statements. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

84.     The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's reputation, employment and employability. Defendants, and each of them, published these

- 16 -

Complaint

1   statements not with the intent to protect any interest intended to be protected by any privilege, but

2   with negligence, recklessness and/or intent to injure Plaintiff and destroy his reputation. Therefore,

3   no privilege existed to protect any of the Defendants from liability for any of these aforementioned

4   publications or republications.

5      85.    As a legal result of the publication and republications of these defamatory

6   statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business,

7   and professional reputation including suffering embarrassment, humiliation, severe emotional

8   distress, anguish, fear, loss of employment and employability, and significant economic loss in the

9   form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damages

10  in an amount according to proof.

11     86.    Defendants, and each of them, committed the acts alleged herein recklessly,

12  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an

13  improper and evil motive amounting to malice, as described above, and which abused and/or

14  prevented the existence of any conditional privilege, which in fact did not exist, and with reckless

15  and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their

16  agents and employees, herein alleged were known, ratified and approved by Defendants, and each

17  of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and

18  each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth

19  and ability to pay according to proof at time of tiral.

20     87.    As a proximate result of the aforesaid acts of Defendants, and each of them,

21  Plaintiff has suffered actual, consequential and incidental financial losses, including without

22  limitation, loss of salary and benefits, and the intangible loss of employment related opportunities

23  in his field and damage to his professional reputation, all in an amount subject to proof at the time

24  of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §§ 3287 and/or 3288

25  and/or any other provision of law providing for prejudgment interest.

26     88.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

27  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

28  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

    believes and thereupon alleges that he will continue to experience said physical and emotional

                                        - 17 -

    Complaint

suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

89.     The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

### ELEVENTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 1050, et seq.
#### (Against Defendants and Does 1 through 10)

90.     Plaintiff incorporates by reference paragraphs 1 through 13, 94 and 95, inclusive, of this Complaint as if fully set forth at this place.

91.     Plaintiff is informed and believes and thereupon alleges that Defendants have made and are continuing to make misrepresentations about Plaintiff that have prevented Plaintiff from obtaining employment and/or from earning a livelihood.

92.     Plaintiff is informed and believes and thereupon alleges that Defendants knowingly caused, suffered or permitted various individuals to make misrepresentations about Plaintiff that prevented or attempted to prevent Plaintiff from obtaining employment and/or from earning a livelihood.

93.     Plaintiff is informed and believes and thereupon alleges that Defendants failed to take all reasonable steps within their power to prevent various individuals, including Defendant Allen, from making misrepresentations about Plaintiff that prevented or attempted to prevent Plaintiff from obtaining employment and/or from earning a livelihood.

94.     As a result of the above actions, Plaintiff has lost and is continuing to lose employment opportunities and income that he would have been able to earn.

95.     As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer

- 18 -

Complaint

1  emotional distress, humiliation, mental anguish and embarrassment all to Plaintiff's damage, the
2  precise amount of which will be proven at trial.

3        96.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors,
4  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,
5  egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff,
6  thereby justifying an award of punitive damages in a sum appropriate to punish and make an
7  example of Defendants, and each of them.

8        WHEREFORE, Plaintiff prays for judgment as follows:

9      1.  **For general damages, according to proof;**

10      2.  **For special damages, according to proof;**

11      3.  **For penalties, pursuant to the California Labor Code and the Unfair Business Practices Act, according to proof;**

12      4.  **For all actual, consequential and incidental financial losses, including, but not limited to, loss of earnings and employee benefits, according to proof;**

13      5.  **For attorneys' fees, according to proof;**

14      6.  **For an award of interest on all unpaid amounts due and owing Plaintiff to the extent provided by law;**

15      7.  **For punitive and exemplary damages, according to proof;**

16      8.  **For costs of suit incurred herein; and**

17      9.  **For such other relief and the Court may deem just and proper**

Date: August _14_, 2012              **OLSEN LAW OFFICES**

Christopher A. Olsen

- 19 -

Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY

Plaintiff hereby requests a trial by jury.

Date: August 1½, 2012

OLSEN LAW OFFICES

Christopher A. Olsen

- 20 -

Complaint

# EXHIBIT B



1    Joan B. Fife Tucker (SBN: 144572)
     jfife@winston.com
2    WINSTON & STRAWN LLP
     101 California Street
3    San Francisco, CA 94111-5894
     (415) 591-1000
4    (415) 591-1400

5    Emilie C. Woodhead (SBN: 240464)
     ewoodhead@winston.com
6    WINSTON & STRAWN LLP
     333 S. Grand Avenue
7    Los Angeles, CA 90071-1543
     Telephone:   (213) 615-1700
8    Facsimile:    (213) 615-1750

9    Attorneys for Defendant
10    U.S. BANK NATIONAL ASSOCIATION

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**11/15/2012** at 08:00:00 AM

Clerk of the Superior Court
By Maria Gina Barr, Deputy Clerk

11

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

12

### FOR THE COUNTY OF ORANGE

13

14

15    JAMES WICKSNIN, JR.,

16           Plaintiff,

17          vs.

18    U.S. BANK NATIONAL ASSOCIATION, a
     Delaware Corporation, and DOES 1-10,
19    inclusive,

20           Defendants

Case No. 30-2012-00591837-CU-WT-CJC

ASSIGNED FOR ALL PURPOSES TO:

Hon. Derek W. Hunt
Department C24

**ANSWER OF DEFENDANT U.S. BANK
NATIONAL ASSOCIATION TO
PLAINTIFF'S COMPLAINT**

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

ANSWER OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION TO PLAINTIFF'S COMPLAINT.

Exhibit B_032

1    Defendant U.S. BANK NATIONAL ASSOCIATION ("Defendant") hereby answers the

2    unverified Complaint ("Complaint") of Plaintiff JAMES WICKSNIN, JR. ("Plaintiff") in the above-

3    captioned matter, for itself and for no other Defendant by admitting, denying, and alleging as

4    follows:

5                                    **GENERAL DENIAL**

6        Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each

7    and every allegation contained in the Complaint.  Defendant further denies that Plaintiff is entitled to

8    any relief, and denies that Plaintiff was damaged in the nature alleged, or in any other manner, or at

9    all.  Further, Defendant denies that Plaintiff has sustained any injury, damage or loss by reason of

10   any conduct, action, error or omission on the part of Defendant, or any agent, employee or any other

11   person acting under Defendant's authority or control.

12       As and for separate and additional defenses to each of Plaintiff's purported causes of action,

13   without conceding that it bears the burden of proof or persuasion as to any of the issues raised in

14   these defenses, Defendant alleges as follows:

15                                **AFFIRMATIVE DEFENSES**

16       Without waiving any of the foregoing answers or defenses, as separate and distinct

17   affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

18                              **FIRST AFFIRMATIVE DEFENSE**

19               **(Failure to State Facts Sufficient to Constitute a Cause of Action)**

20       1.      The Complaint, and each purported cause of action alleged therein, fails to state facts

21   sufficient to state a cause of action against Defendant.

22                             **SECOND AFFIRMATIVE DEFENSE**

23                                    **(Statute of Limitations)**

24       2.      Plaintiff's claims are barred by operation of the applicable statutes of limitation,

25   including, but not limited to, California Government Code § 12960 and California Code of Civil

26   Procedure §§ 335.1, 338, 339, and 340.

27   ///

28   ///

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

2

**THIRD AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Retaliatory, Non-Discriminatory Reasons)**

3.     Plaintiff's claims are barred, in whole or in part, because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory, and non-discriminatory reasons and/or the result of business necessity.

**FOURTH AFFIRMATIVE DEFENSE**

**(Truth)**

4.     Plaintiff's claims are barred, in whole or in part, because if any agent or employee of Defendant made any statement that can be construed as defamatory, and Defendant does not admit that any did, the statements were not false.

**FIFTH AFFIRMATIVE DEFENSE**

**(Qualified Privilege)**

5.     Plaintiff's claims are barred, in whole or in part, because the alleged misrepresentations and/or defamatory statements of which Plaintiff complains, if made by Defendant's agent or employee, were made without any feelings by Defendant of hatred or ill will for Plaintiff and to persons who were interested in the subject matter of the communications. If such statements were made, Defendant was also interested in the subject matter of the communications and had an innocent motive in making the statements complained of or were requested to make the statements and are therefore eligible for qualified privilege under California Civil Code § 47(c).

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6.     Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrine of waiver because, by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against Defendant with respect to the matters that are subject of the Complaint.

///

///

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

3

ANSWER OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION TO PLAINTIFF'S COMPLAINT.

Exhibit B_034

1
2
3

### SEVENTH AFFIRMATIVE DEFENSE

#### (Laches)

7.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Estoppel)

8.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

#### (Internal Grievance Procedure)

9.      Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to exhaust internal grievance procedures provided by Defendant U.S. Bank National Association.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

10.      Plaintiff is barred, in whole or in part, from recovering the relief he seeks because he failed to take all reasonable, necessary, and appropriate action to mitigate any purported damages allegedly resulting from the matters set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Arbitration is Condition Precedent to Suit)

11.      Plaintiff's claims are barred, in whole or in part, because, pursuant to agreements entered into by Plaintiff, arbitration is a condition precedent to commencement and maintenance of this action and the action is barred by the absence of arbitration. By filing its response, Defendant has not waived its right to arbitration in this matter.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Third Party Liability)

12.      Plaintiff's causes of action are barred, in whole or in part, because the proximate cause of any alleged causes of action and injuries are due to a third party or to others, over whom Defendant had no right of control.

///

///

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

4

ANSWER OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION TO PLAINTIFF'S COMPLAINT.

Exhibit B_035

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Use Ordinary Care and Diligence)

13.     Any recovery on Plaintiff's Complaint is barred, including by California Labor Code §§ 2854 and 2856, in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Knowledge)

14.     Plaintiff's causes of action are barred in whole or in part because Defendants did not have knowledge of Plaintiff's allegations.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unauthorized Conduct)

15.     If any agent or employee of any Defendant engaged in any alleged conduct that can be construed as tortuous conduct, unlawful discrimination, harassment, and/or retaliation, and Defendant does not admit that any did, such conduct was unauthorized and outside of the course and scope of such individual's agency or employment.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Establish Respondeat Superior)

16.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff may not bring an action at law against the employer by invoking respondeat superior or any other legal theory for any alleged injury that Plaintiff sustained, caused by an employee of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Privileged, Good Faith, & Justified Conduct)

17.     Without admitting that Defendant engaged in any of the alleged conduct in this lawsuit, Defendant contends that its conduct was at all times justified, privileged, and undertaken in good faith and without any intent to injure Plaintiff.

///

///

Exhibit B_036

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Causation/Contribution)

18.    Plaintiff's claims are barred, in whole or in part, because the claims alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by Plaintiff's own acts or failures to act. Defendant's acts or omissions to act were not the cause in fact or proximate cause of any injury that Plaintiff now claims.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Punitive/Exemplary Damages Unconstitutional)

19.    The Complaint fails to state facts sufficient to recover exemplary or punitive damages, and application of the punitive damages statute or standard violates the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Entitlement to Punitive Damages)

20.    Plaintiff is precluded from recovering punitive damages, in whole or in part, because Defendant at all times acted without oppression, fraud, or malice, and Plaintiff cannot demonstrate facts sufficient to allow recovery of punitive damages against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Establish Attorneys' Fees)

21.    The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Other Defenses)

22.    Defendant currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. To the extent not set forth herein, Defendant reserves the right to assert additional defenses that become available or apparent during discovery and to amend its Answer accordingly.

///

///

ANSWER OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION TO PLAINTIFF'S COMPLAINT.

Exhibit B_037

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

I.   That Plaintiff takes nothing by the Complaint;

II.  That judgment be entered in favor of Defendant and against Plaintiff, on all remaining causes of action;

III. That Defendant be awarded reasonable attorneys' fees according to proof;

IV.  That Defendant be awarded the costs of suit herein incurred; and

V.   That Defendant be awarded such other and further relief as the Court may deem appropriate.

Dated: November 14, 2012                    WINSTON & STRAWN LLP

                                   By:   _Emilie C. Woodhead /ssc_
                                         Emilie C. Woodhead
                                         Attorneys For Defendants
                                         U.S. BANK NATIONAL ASSOCIATION

7

ANSWER OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION TO PLAINTIFF'S COMPLAINT.

1    **PROOF OF ELECTRONIC SERVICE**

2    **Superior Court of California, County of Orange**

3    **Case No. 30-2012-00591837-CU-WT-CJC**

4    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5         I am a resident of the State of California, over the age of eighteen years, and not a party to

6    the within action.  My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los

7    Angeles, CA 90071-1543.

8         On November 14, 2012, I affected electronic service of the foregoing document(s)

9    described as ANSWER OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION

10   TO PLAINTIFF'S COMPLAINT on the interested parties listed below:

11

12         Christopher A. Olsen
           Olsen Law Offices
13         1010 Second Avenue, Suite 1835
           San Diego, CA 92101

14

15         Hon. Derek W. Hunt
           Orange County Superior Court
16         Dept. C24
           700 Civic Center Drive West
17         Santa Ana, CA 92701

18

19         By submitting an electronic version of the document(s) to One Legal, LLC, through the user

20   interface at www.onelegal.com.

21         I declare under penalty of perjury under the laws of the State of California that the above is

     true and correct.

22
     Signed:  _____
23           Lucy Fera

24
     Dated:   November 14, 2012  _____
25

26

27

28

                                    1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| James Wicksnin, Jr. | U.S. Bank National Association, a Delaware Corporation, and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Christopher Olsen -- OLSEN LAW OFFICES<br>1010 Second Avenue, Suite 1835, San Diego, CA 92101<br>(619) 550-9352 | Joan B. Tucker Fife/Emilie C. Woodhead<br>WINSTON & STRAWN LLP<br>101 California Street, Suite 3900, San Francisco, CA 94111<br>(415) 591-1000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332, 28 U.S.C. 1441; 28 U.S.C. 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☒ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: **SACV12 - 02007 RNB**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

**ORIGINAL**

By Fax

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Hamilton County, Ohio |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Emilie C. Woodhead_  Date   11/16/12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |